FILED
 2008 Mar-26  PM 02:37
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HUBERT DOUGLAS JONES, JR., ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| vs. ] | CIVIL ACTION NO. 05-JHH-RRA-0314-S |
| ] | |
| WARDEN RALPH HOOKS and ] | |
| THE ATTORNEY GENERAL FOR ] | |
| THE STATE OF ALABAMA, ] | |
| ] | |
| Respondents. ] | |

## MEMORANDUM OPINION

This is a habeas corpus petition. The magistrate judge entered a report and recommendation recommending that the respondents' motion for summary judgment be granted and the action dismissed, because Claims 1 and 3 are barred by procedural default and because Claim 2 was denied on the merits in state court. The petitioner has filed objections.

In his objections, Jones states that:

> Even if petitioner's claims were procedurally barred, his "actual innocence," cause and prejudice would excuse any default. Petitioner argues adamantly, emphatically, and vehemently that his sworn oath that he was caused to default by impediments and obstructions of the state court proceedings in prosecuting his claims. Moreover, he is unlicensed in law acting pro se and his pleadings have not been held to less stringent standards. He did swear that he was innocent, suffered prejudice and this was not rebutted by the respondents under oath like his pro se pleadings. Accordingly, a motion to alter or amend or modify is now made because there was and is a "fundamental miscarriage of justice" in the case, and but for ineffective assistance of counsel before and during state-court guilty plea proceedings the results would of [sic] been different. Moreover, if it weren't for ineffective assistance of counsel at the state-court evidentiary hearing on the Rule 32, filed pro se, the result would of [sic] been different. Finally, if petitioner wasn't prosecuting his petition for habeas relief pro se the result would of [sic] been different.

Jones' void indictment claim (Claim 1) is procedurally barred because when he raised the claim on appeal from the denial of his Rule 32 petition, the Alabama Court of Criminal Appeals found that the claim was "precluded from appellate review by Rule 32.2(a)(3), Ala. R. Crim. P." because Jones "failed to raise this issue at his guilty plea proceeding." Jones' ineffective assistance of counsel claim (Claim 3) is procedurally barred because he did not include the claim on appeal from the denial of his Rule 32 petition. In order to show cause for defaulting these claims, Jones must show cause to excuse his failure to raise the void indictment claim during his guilty plea proceeding, and cause to excuse his failure to raise his ineffective assistance of counsel claim on appeal from the denial of his Rule 32 petition.

As cause to excuse his defaults, Jones first argues that "he was caused to default by impediments and obstructions of the state court proceedings in prosecuting his claims." Jones has offered no evidence to support this conclusory allegation. Therefore, it is insufficient to constitute cause to excuse the default of his claims.

Jones next argues that his defaults should be excused because he is "unlicensed in law acting pro se." However, Jones' pro se status and lack of legal knowledge "provide no basis for relief from the applicable procedural bar as neither an inmate's lack of legal knowledge, his failure to understand legal principles nor the inability to recognize potential claims for relief at an earlier juncture constitute an extraordinary circumstance sufficient to warrant such relief." *Young v. Forniss*, Civil Action No. 2:05cv555-WHA, 2007 WL 4287458, *6 (M.D. Ala. Dec. 4, 2007.).

Finally, Jones claims that "ineffective assistance of counsel at the state-court evidentiary hearing on the Rule 32, filed pro se" should serve as cause to excuse his defaults. It is unclear from

the record if Jones was represented by counsel at the hearing on his Rule 32 petition.[1]  However, his brief on appeal from the denial of his Rule 32 petition was filed pro se.  Jones defaulted his ineffective assistance of trial counsel claim by failing to raise it on appeal from the denial of his Rule 32 petition.  Since he was apparently representing himself on appeal from the denial of his Rule 32 petition, he cannot fault an attorney for his failure to raise the ineffective assistance of counsel claim on that appeal.

Jones also argues that his defaults should be excused because he is actually innocent of the crimes for which he was convicted.  He claims in his objections that:

> He did swear that he was innocent, suffered prejudice and this was not rebutted by the respondents under oath like his pro se pleadings.  Accordingly, a motion to alter or amend or modify is now made because there was and is a "fundamental miscarriage of justice" in the case.

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court elaborated on the fundamental miscarriage of justice exception and the necessity of showing innocence.  To meet this exception, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 327.  The standard focuses on the *actual* innocence of the petitioner.  As the Supreme Court explained:

> Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial.  Indeed, with respect to this aspect of the *Carrier* standard, we believe that Judge Friendly's description of the inquiry is appropriate: the habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial."

---

[1] The court notes that the records from the state court proceedings were submitted to the court in a most haphazard, unusual way.  It appears from the random pages of the Rule 32 petition that were submitted by the respondents, that the petition was probably filed pro se.

*Id.* at 327.  (*Quoting* Friendly, *Is Innocence Irrelevant? Collateral Attack on Judgment*, 38 U.Chi.L.Rev. 142, 160 (1970)).  To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.  *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002).

In his traverse, Jones offered the following in support of his actual innocence argument:

> Petitioner argues that he is actually innocent of the crime as charged and as such it is a fundamental miscarriage of justice.  Specifically, petitioner argues that he could not have been constitutionally charged and convicted of 2 counts of felony murder.
> Rather, petitioner argues that he could have only been charged with attempted murder in accordance to the grand jury indictment.

*Petitioner's Traverse,* Court Document 16, at 10.  Jones' contention that he was improperly charged in the indictment is premised on a procedural defect, which does not establish actual innocence.  *See, e.g.*, *Camacho v. Secretary, Department of Corrections*, No. 6:06-cv-1122-Orl-31UAM, 2007 WL 2010765, *3 (M.D. Fla. July 6, 2007)(holding that the petitioner's assertion of actual innocence based upon the claim that the information against him was improperly amended after the expiration of the speedy trial period, thereby divesting the state court of its jurisdiction to convict or sentence him, did not establish that he was actually innocent of the crimes charged); *Richardson v. Crosby*, No. 6:05-cv-1559-Orl-31JGG, 2006 WL 2557363, *2 (M.D. Fla. Sept. 1, 2006)(holding that the petitioner's assertion of actual innocence based upon the claim that the amended information against him did not contain the elements for the offenses or the specific date on which the offenses occurred did not establish that he was actually innocent of the crimes charged); *Groom v. Samuels*, Civil No. 06-1901 (JBS), 2006 WL 1764779, *3 (D.N.J. June 21, 2006) (holding that the petitioner's assertion of actual innocence based on an allegedly defective indictment failed to address whether he was actually innocent of the crimes charged).  Furthermore, Jones has not established that in light of all

4

the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Therefore, his allegation of actual innocence is insufficient to meet the *Schlup* test.

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. The motion to alter or amend or modify is due to be denied and the habeas petition is due to be dismissed. An appropriate order will be entered.

**DONE** this the   26th   day of March, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE